**Kenneth Wayne BRADFORD, Petitioner—Appellant,**

v.

**D.L. RUNNELS, Warden; California State Attorney General, Respondents—Appellees.**

No. 02–55735.

D.C. No. CV–01–03233–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Aug. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

Before KOZINSKI, T.G. NELSON, Circuit Judges, and RESTANI, Judge.*

## MEMORANDUM **

The district court did not err in denying Bradford's habeas petition, which claimed his trial counsel was ineffective because he failed to argue that Bradford was illegally searched. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At the time of Bradford's suppression hearing, there was no clearly established federal law that parolee searches require reasonable suspicion, and *People v. Reyes,* 19 Cal.4th 743, 754, 80 Cal.Rptr.2d 734, 968 P.2d 445 (1998), held parolees had no reasonable expectation of privacy. *Griffin v. Wisconsin,* 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), was not sufficiently clear as to the requirements for parolee searches so as to make *United States v. Knights,* 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001)–which was decided well after Bradford's suppression hearing–inevitable. Thus, trial counsel's tactical decision to shift arguments to fit within the framework of *Reyes* was "within the range of competence demanded of attorneys in criminal cases." *Strickland,* 466 U.S. at 687 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). For the same reasons, Bradford's appellate counsel was not ineffective for failing to raise a Sixth Amendment claim on appeal.

**AFFIRMED.**

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

